Filed 6/5/14  P. v. Radcliffe CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARC PATRICK RADCLIFFE,<br><br>Defendant and Appellant. | A140148<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR 13-71256) |

Marc Patrick Radcliffe appeals from a judgment of conviction and sentence imposed after he entered a guilty plea and admitted multiple enhancement allegations. His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Radcliffe was charged by information with first degree robbery (Pen. Code, §§ 211/212.5, subd. (a)) and attempted first degree burglary (§§ 664/460, subd. (a)).[1]  It was further alleged that he had two prior strike convictions for felony burglaries (§§ 667, subd. (e), 1170.12, subd. (c)(1)), had been convicted of two prior serious felonies (§ 667, subd. (a)), and had three prior prison commitments (§ 667.5, subd. (b)).

---

[1]     All further statutory references are to the Penal Code.

At a section 402 hearing on August 19, 2013, Radcliffe asserted a violation of *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*) and challenged an in-field identification; the court found there was no *Miranda* violation and the in-field show-up was not unduly suggestive.

On August 20, 2013, while represented by his attorney, Radcliffe entered a guilty plea to the first degree robbery charge and admitted a strike prior, a serious felony prior, and a prior prison term for purposes of sentencing enhancements. (§§ 1170.12, subd. (c)(1), 667, subd. (a), 667.5, subd. (b).) On the prosecutor's motion, the remaining counts and allegations were dismissed with a "Harvey waiver." (See *People v. Harvey* (1979) 25 Cal.3d 754, 758.)

Before entering his plea, Radcliffe was advised of, understood, and knowingly and voluntarily waived enumerated constitutional rights. The court informed Radcliffe of the consequences of his plea. The court also found a factual basis for the plea, based on the prosecutor's summary (to which defense counsel stipulated): in February 2013, Radcliffe entered the home of his victims, Sandra and Darrell Dotson, while they were present; Radcliffe and Mr. Dotson engaged in a struggle; Mrs. Dotson was extremely afraid of Radcliffe; and Radcliffe used force to take Mrs. Dotson's purse. The prosecutor represented that Radcliffe was stipulating to a sentence of 18 years in state prison, based on the aggravated term of six years on the robbery count, doubled due to the prior strike, with an additional five years for the prior serious felony and an additional year for the prior prison commitment. The court advised Radcliffe that it would likely impose the maximum commitment time of 18 years, and Radcliffe agreed that this was the sentence the court was going to impose.

The probation department provided the court with a sentencing worksheet, which set forth the components of the stipulated sentence.

Radcliffe submitted a letter to the court, stating he was sorry for his actions. He took "full responsibility" for his situation, even though he did not remember the incident. He claimed it was not the "real Marc Radcliffe"; he never intended to steal, hurt, or scare anyone; his actions were not the result of a conscious choice; and the shame he felt was

2

"overpowering." He further claimed that, at 53 years of age and with stage four cirrhosis of the liver, an 18-year sentence would be for the rest of his life; he begged the court for mercy and sought a suspended sentence with a four-year commitment to Delancey Street.

At the sentencing hearing on September 10, 2013, Mrs. Dotson told the court that Radcliffe had violated her home and robbed her of the feeling of security. She questioned why Radcliffe had come up behind her and touched her arms, a memory that made her shudder. She asked the court for restitution in the amount of $100.

At the continued sentencing hearing on September 12, 2013, the court stated that it would uphold the plea agreement, noting that if Radcliffe had gone to trial and been convicted, his sentence would have been much longer.

Pursuant to Radcliffe's plea agreement, the court denied probation. The court sentenced Radcliffe to the upper term of six years for robbery, finding the upper term was warranted in light of the increasing seriousness of Radcliffe's offenses, the number of his prior convictions, and his performance on probation and parole. The six-year term was doubled to 12 years, due to the admitted prior strike. (§ 1170.12, subd. (c)(1).) In addition, the court imposed a consecutive five-year term for the serious felony prior (§ 667, subd. (a)) and a consecutive one-year term for his prior prison commitment (§ 667.5, subd. (b)), for a total of 18 years in state prison. In addition, the court imposed a restitution fine of $1,680 (§ 1202.4), a stayed parole restitution fine in the same amount (§ 1202.45), direct victim restitution of $100, a $40 court security fee, and a $30 criminal conviction assessment. Radcliffe was granted credits of 223 actual days and 33 conduct days, for a total of 256 days of presentence custody credits.

This appeal followed. In Radcliffe's notice of appeal, he purported to challenge his sentence and matters occurring after the plea, the denial of his motion to suppress evidence, and the validity of his plea and admissions. His request for a certificate of probable cause stated that he had multiple issues he wanted to raise, but he did not list them because he was unsure whether he should. The request was denied.

## II. DISCUSSION

Radcliffe's appellate counsel represents in the opening brief in this appeal that counsel wrote to Radcliffe and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief raising any issues he wished to call to the court's attention within 30 days.

Appellate counsel has provided us with a letter written to her by Radcliffe, which we construe to be Radcliffe's supplemental brief. In the letter, Radcliffe states that he would like the court to look at "the drive[-]by viewing when I was arrested," which he claims should have been a "6[-]man line[up]." He notes that the witness who saw him was "only 80% sure" of the identification, and the witnesses were told at his court hearings that Radcliffe was "the guy." Radcliffe further asserts that he asked his attorney to file "a Romero" motion "to have a strike stricken," and that his attorney gave him the impression he was going to receive eight years "in county" and a four-year commitment to Delancey Street. He reiterates that he feels terrible about the "[w]hole thing, especially for the victims." He contends that, to become a better person and never use methamphetamine again, he is "getting [i]nvolved in all the positive programs I can here at San Quentin." Radcliffe claims he is not the same person who broke into the victims' house in February 2013.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

## III.  <u>DISPOSITION</u>

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.